IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN B. HARRIS,<br><br>          Plaintiff,<br><br>    vs.<br><br>STATE OF NEBRASKA, MICHAEL W. JENSON, Deputy County Attorney; TRESSA M. ALIOTH, Deputy County Attorney; THOMAS A. OTEPKA, District Court Judge; GRANT L. GENTILE, Police Officer; JOHN H. LOPEZ, Police Officer; NICOLAS YANEZ, Police Officer; NP DODGE REALTY COMPANY; LANCE GORDON; and DONNEL BROWN, Owner of Residence,<br><br>          Defendants. | **8:20CV17**<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff Kevin Harris is a pretrial detainee who is proceeding pro se and who is incarcerated at the Douglas County Correctional Center in Omaha, Nebraska. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 7), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

    Plaintiff sues a variety of parties under 42 U.S.C. § 1983 for violation of his "rights to effective assistance of coun[sel]" and "rights to a speedy trial." (Filing 1

at CM/ECF p. 3 (capitalization removed)[1].) Plaintiff claims that on June 6, 2019, Defendant NP Dodge Realty Company sent Defendant Lance Gordon to enter Plaintiff's residence uninvited, "insinuating that he had a Smith and Wesson." Gordon allegedly told Plaintiff that his wife's belongings could stay in the residence, but Plaintiff needed to remove his belongings from the home. Plaintiff says that Gordon verbally and physically assaulted him. Later that same day, Plaintiff was cited for assault, and he alleges that he was unlawfully arrested on June 21, 2019. Plaintiff claims that "all defendants are party to unlawful[] arres[t]." (Filing 1 at CM/ECF p. 5; Filing 10[2] at CM/ECF p. 1.)

During criminal proceedings against Plaintiff for assault in state court on January 6, 2020, Plaintiff alleges that, against his wishes, Plaintiff's defense counsel made a motion to waive Plaintiff's right to a speedy trial, and Defendant Judge Otepka granted the motion despite Plaintiff informing Otepka that he did not authorize such a motion. Plaintiff claims that his right to a speedy trial was violated between the date of the citation, June 6, 2019, and the date of the above-described hearing, January 6, 2020. (*Id.*)

Plaintiff asserts that the violation of his rights to a speedy trial and to effective assistance of counsel caused "cruel and unusual mental abuse torture" and "unlawful

---

[1] For ease of reading, all quotations drawn from Plaintiff's Complaint (Filing 1) and Supplement to Plaintiff's Complaint (Filing 10) have been changed to lower case instead of the all-caps style used by Plaintiff.

[2] Filing 10 includes allegations about NP Dodge Realty Company and Lance Gordon and requests that additional defendants be added to this lawsuit. I will direct the Clerk of Court to add those Defendants to the case caption.

incarceration." (Filing 1 at CM/ECF p. 6.) For relief, Plaintiff requests that this court "overturn [the] motion made by ineffective coun[sel] . . . (public defender)."[3] (*Id.*)[4]

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

---

[3] Plaintiff does not name his public defender as a defendant in this matter.

[4] Plaintiff refers the court to two cases (#SC19-619 and #CI5016). The court's search of the JUSTICE case-search system, which includes Nebraska county and district court cases, reveals no cases involving Plaintiff that are relevant to this dispute and are assigned those numbers). The Douglas County Department of Corrections Inmate Locator indicates that Plaintiff was admitted to the DCDC on June 21, 2019, on charges of second-degree assault.

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Defendants' Capacities

Plaintiff explicitly alleges that he sues Defendants Jenson, Alioth, Gentile, and Lopez in their official capacities. Because Plaintiff does not indicate the capacity in which he sues the remaining Defendants, the court must assume Plaintiff also sues them in their official capacities (with the exception of Defendants NP Dodge Realty Company, Lance Gordon, and Donnel Brown who are private parties with no apparent official capacity). (Filing 1 at CM/ECF pp. 2-3.) *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

#### B. Defendants State of Nebraska & Otepka

Plaintiff's official-capacity claim against Defendant Otepka—the district court judge alleged to have erroneously granted Plaintiff's counsel's motion to waive Plaintiff's speedy-trial rights in his state criminal proceedings—is actually a claim against the State of Nebraska. *McCullough v. Pearlman*, No. 8:18CV194, 2018 WL 6310278, at *9 n.8 (D. Neb. Dec. 3, 2018) ("A district court judge within the Nebraska Judicial Branch is a state official, and a plaintiff's official-capacity claims against a state district court judge are claims against the state."); *Valder v. City of Grand Forks*, 217 F.R.D. 491, 493 (D.N.D. 2003) ("If [the plaintiff] intended to bring suit against Judge Kleven in her official capacity as a state district court judge, he would essentially have been bringing suit against the State of North Dakota.")

4

Because states are not "persons" for purposes of section 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"), Plaintiff may not bring section 1983 claims against the State of Nebraska and Defendant Otepka in his official capacity. Accordingly, these claims must be dismissed for failure to state a claim upon which relief can be granted.[5]

**C. Defendants Jenson & Alioth**

Plaintiff alleges that errors in his ongoing state criminal proceedings have deprived him of his right to a speedy trial. Plaintiff asserts this claim against Defendants Jenson and Alioth, who are alleged to be deputy county attorneys.

The relief Plaintiff requests ("overturn motion made by ineffective coun[sel] Bryan Craig (public defender)[6] and uphold my rights to a speedy trial" (Filing 1 at CM/ECF p. 6)) is not available in this federal civil rights action because this court does not have the proper jurisdiction to grant the relief sought. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger*

---

[5] The court determines that it would be futile to allow Plaintiff to amend his Complaint to sue Defendant Otepka in his individual capacity because he is entitled to absolute immunity from Plaintiff's claim that he erroneously granted a motion in Plaintiff's state criminal proceeding. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

[6] As stated above, Plaintiff does not name his public defender as a defendant, but only the prosecuting attorneys.

itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint (Filing 1) or supplemental pleading (Filing 10). Thus, this court will not interfere with, or intervene in, Plaintiff's ongoing criminal proceedings. Accordingly, Plaintiff's claims against Defendants Jenson and Alioth must be dismissed.[7]

## **D. Defendants Gentile, Lopez & Yanez**

Liberally construed, Plaintiff's Complaint could be characterized as alleging an unlawful-arrest claim against City of Omaha Police Officers Gentile, Lopez, and Yanez. Because Plaintiff has sued these officers in their official capacities, Plaintiff's claim is actually asserted against the City of Omaha. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

"Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (internal quotation marks and citation omitted). An "official policy" involves a deliberate

---

[7] The court concludes that it would be futile to allow Plaintiff to amend his Complaint to allege claims against these Defendants in their individual capacities because they would be absolutely immune from suit under section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (establishing absolute immunity of prosecutor from 42 U.S.C. § 1983 civil suit "in initiating a prosecution and in presenting the State's case"; such immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process"); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993) (prosecutor acting as advocate for state in criminal prosecution is entitled to absolute immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

6

choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Omaha's police officers or that the city's policymaking officials were deliberately indifferent to, or tacitly authorized, any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations or that the City of Omaha failed to adequately train its employees. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Further, Plaintiff has only alleged facts describing a single, isolated incident unique to him. "Generally, an isolated incident of police misconduct by subordinate officers is insufficient to establish municipal policy or custom. By the same token, a

7

single deviation from a written, official policy does not prove a conflicting custom or usage." *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) (internal citations omitted). Plaintiff does not allege the existence of a municipal policy or custom independent of the officer Defendants' alleged misconduct in this one instance—nor does Plaintiff even allege what that conduct was, other than an "unlawful arrest." The court "cannot infer the existence of an unconstitutional city policy, or custom conflicting with the official policy, from this single occurrence." *Id.* Therefore, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Defendant City of Omaha Police Officers Gentile, Lopez, and Yanez in their official capacities.

However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against City of Omaha Police Officers Gentile, Lopez, and Yanez in their ***individual*** capacities. Plaintiff's amended complaint must identify each Defendant by name; specify that these Defendants are sued in their individual capacities; explain what each Defendant did to him, when the Defendant did it, and how each Defendant's actions harmed him[8]; and state what constitutional right Plaintiff believes Defendants violated. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. That is to say, the amended complaint must "stand on its own."

---

[8] A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)).

### E. Defendants NP Dodge Realty Company, Gordon & Brown

Plaintiff also seems to be asserting a claim against private parties NP Dodge Realty Company, Gordon, and Brown related to the incident that resulted in Plaintiff's assault charge. To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Americans United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Sometimes private persons can be liable under section 1983 when the private party is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Here, Plaintiff's purported section 1983 claim against Defendants NP Dodge Realty Company, Gordon, and Brown is not cognizable because these Defendants are not state actors, and Plaintiff has not alleged that these Defendants were engaged in joint action with the state or its agents such that their actions can be characterized as actions of the state. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against these Defendants.

Accordingly,

IT IS ORDERED:

1. The Clerk of Court shall amend the caption of this case to include the following Defendants: NP Dodge Realty Company; Lance Gordon; and Donnel Brown, Owner of Residence.

2. Plaintiff's claims against Defendants State of Nebraska and Thomas Otepka in his official capacity are dismissed for failure to state a claim upon which relief can be granted because such Defendants are not suable "persons" within the meaning of 42 U.S.C. § 1983.

3. Plaintiff's claims against Defendants Jenson and Alioth are dismissed without prejudice pursuant to the *Younger* abstention doctrine.

4. Plaintiff's claims against Defendants NP Dodge Realty Company, Gordon, and Brown are dismissed as not cognizable under 42 U.S.C. § 1983 because Plaintiff has failed to allege facts showing that these Defendants are "state actors" within the meaning of 42 U.S.C. § 1983.

5. Plaintiff's claims against Defendant City of Omaha Police Officers Gentile, Lopez, and Yanez in their official capacities are dismissed for failure to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state an unlawful-arrest claim *only* against City of Omaha Police Officers Gentile, Lopez, and Yanez in their *individual* capacities. Plaintiff shall not name as defendants any of the Defendants discussed above who have been dismissed from this action.

6. Plaintiff's amended complaint must identify each Defendant by name; specify that these Defendants are sued in their individual capacities; explain what each Defendant did to him, when the Defendant did it, and how each Defendant's actions harmed him; and state what constitutional right Plaintiff believes Defendants violated. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. That is to say, the amended complaint must "stand on its own." **Plaintiff shall file his amended complaint within 30 days after the date of this Memorandum and Order**, in the absence of which this matter will be dismissed without further notice to Plaintiff.

7. Once Plaintiff's amended complaint is filed, the court will conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

8. The Clerk of the Court is directed to set a pro se case management deadline using the following text: May 5, 2020—check for amended complaint.

Dated this 31st day of March, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge