IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN B. HARRIS,<br><br>   Plaintiff,<br><br>  vs.<br><br>BRYAN CRAIG, Public Defender; GRANT L. GENTILE, Police Officer #2140; JOHN H. LOPEZ, Police Officer #1955; NICOLAS YANEZ, Police Officer #1506; GEOFFREY A. STRONG, Police Officer Y631; BROCK GENTILE, Police Officer #2391; and LANCE GORDON,<br><br>   Defendants. | 8:20CV17<br><br>**MEMORANDUM<br>AND ORDER** |

  On March 31, 2020, the court gave the Plaintiff, who is a pretrial detainee proceeding pro se and in forma pauperis, an opportunity to file an amended complaint to allege "an unlawful-arrest claim *only* against City of Omaha Police Officers [Grant L.] Gentile, Lopez, and Yanez in their *individual* capacities. Plaintiff shall not name as defendants any of the Defendants discussed above who have been dismissed from this action." (Filing 11 at CM/ECF p. 10 (emphasis in original).) Pursuant to the court's discussion in its previous Memorandum and Order (Filing 11) regarding Plaintiff's claims and applying that discussion to Plaintiff's Amended Complaint (Filing 12), the court makes the following conclusions regarding whether Plaintiff's claims may proceed to service of process or whether they must be dismissed under 28 U.S.C. § 1915(e) and 1915A (court must dismiss complaint or any portion of it that states frivolous or malicious claim, fails to state claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief).

### *Previously Dismissed Defendants*

In his Amended Complaint, Plaintiff again names as Defendants the State of Nebraska, Lance Gordon, Donnel Brown, and NP Dodge Realty Company. (Filing 12 at CM/ECF pp. 4-5.) For the reasons discussed in the court's previous Memorandum and Order on initial review (Filing 11), Plaintiff's claims against Defendants State of Nebraska, Donnel Brown, and NP Dodge Realty Company are not cognizable, and Plaintiff was specifically directed to "not name as defendants any of the Defendants discussed above who have been dismissed from this action." (Filing 11 at CM/ECF p. 10.) Accordingly, this action shall not proceed against Defendants State of Nebraska, Donnel Brown, and NP Dodge Realty Company.

While the court previously determined that Plaintiff's claims against Defendant Lance Gordon were not cognizable, Plaintiff's Amended Complaint adds allegations that Gordon "was allowed to have me arrested acting with police as under color of law after attacking me at my residence." (Filing 12 at CM/ECF p. 8.) Liberally construing this allegation to mean that Gordon was a "willful participant in joint action with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), the court will allow Plaintiff's unlawful-arrest claim to proceed against Defendant Gordon. *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

### *New Defendant Bryan Craig, Public Defender*

Plaintiff alleges that Defendant Craig, Plaintiff's public defender, provided ineffective assistance of counsel because Plaintiff "had to file my own motion for bond reduction" and "had to personally ask my case to be placed on the docket." (Filing 12 at CM/ECF p. 6.) Plaintiff also complains that Craig waived Plaintiff's speedy-trial

2

rights, causing Plaintiff to move to dismiss Craig as his lawyer and to hire another attorney. (*Id.*)

Because a public defender performing traditional functions as counsel in a criminal proceeding—as Defendant Craig is alleged to have done here—does not act under color of state law within the meaning of 42 U.S.C. § 1983, Plaintiff fails to state a claim against Craig. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (same); *see also Williams v. Butler*, No. 4:19-CV-04126, 2020 WL 1281663, at *2 (W.D. Ark. Feb. 26, 2020), *report and recommendation adopted*, No. 4:19-CV-4126, 2020 WL 1281243 (W.D. Ark. Mar. 17, 2020) (claim that public defender failed to adequately represent client in criminal proceedings does not state cognizable § 1983 claim); *Moment v. Iowa*, No. C19-1029, 2019 WL 6529133, at *3 (N.D. Iowa Dec. 4, 2019) (state public defender was immune from § 1983 suit when plaintiff claimed ineffective assistance of counsel for failing to object to speedy trial issue); *Fleming v. Circuit Court of St. Louis*, No. 4:10-CV-2274, 2011 WL 43015, at *2 (E.D. Mo. Jan. 6, 2011) (plaintiff's § 1983 claim of ineffective assistance of counsel against public defender was legally frivolous because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983).[1]

Therefore, this action will not be permitted to proceed against Defendant Craig.

---

[1] Neither the Complaint nor the Amended Complaint even hint that Defendant Craig was, for example, a willful participant in a corrupt conspiracy. Therefore, it would be futile to allow Plaintiff to amend his Complaints once more to pursue section 1983 claims against Defendant Craig. *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999) (in the absence of allegations that private counsel was a willful participant in joint action with the state or its agents, "the conduct of counsel generally does not constitute action under color of law" for purposes of 42 U.S.C. § 1983); *Rogers*, 841 F.2d at 856; *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983); *McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir.1981) (dismissal of public defender appropriate where complaint alleged absolutely no facts to support conspiracy claim).

### *Defendants Grant Gentile, Lopez & Yanez*

The court's previous Memorandum and Order (Filing 11) permitted Plaintiff to amend his Complaint to allege an unlawful-arrest claim against City of Omaha Police Officers Grant Gentile, John Lopez, and Nicolas Yanez in their individual capacities. In his Amended Complaint, Plaintiff alleges that these Defendants unlawfully arrested him after Lance Gordon attacked him; subjected his home to an unreasonable search and seizure; did not advise Plaintiff that he was being charged with felony assault at the time of arrest; and "falsified the facts" of Plaintiff's case by stating on the record of arrest that Plaintiff was arrested at his residence when he was actually arrested at the VA Hospital. (Filing 12 at CM/ECF p. 6.)

"The Fourth Amendment protects [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. Because arrests are 'seizures' of 'persons,' they must be reasonable under the circumstances." *D.C. v. Wesby*, 138 S. Ct. 577, 585-86 (2018) (internal quotation marks and citations omitted). Similarly, a 42 U.S.C. § 1983 claim based on a search or seizure of property requires a plaintiff to demonstrate that a search or seizure occurred, and that the search or seizure was unreasonable. *Clark v. Clark*, 926 F.3d 972, 977 (8th Cir. 2019). In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Plaintiff has stated viable Fourth Amendment claims against Omaha Police Officers Grant Gentile, Lopez, and Yanez in their individual capacities, as they were allegedly directly involved in arresting Plaintiff and subjecting his home to a search and seizure. Whether the arrest, search, and seizure were actually reasonable under the circumstances are matters to be addressed after initial review.

Plaintiff's claim that the Defendant officers failed to correctly advise him of the severity of the offense for which he was being arrested shall not go forward because "[w]hile it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, we have never held that to be constitutionally required." *Devenpeck v. Alford*, 543 U.S. 146, 148, 155 (2004) (an arrest can be lawful under the Fourth Amendment "when the criminal offense for which there is probable cause to arrest is not 'closely related' to the offense stated by the arresting officer at the time of arrest").

4

Finally, Plaintiff's allegation that the official record of his arrest erroneously states that the arrest occurred at his home—when it actually occurred at the VA Hospital—does not state a claim. "In order to recover under section 1983, a plaintiff must prove that the defendant deprived him of a constitutional right under color of state law." *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). A factual error in a police report, without more,[2] does not constitute deprivation of a constitutional right. In the absence of allegations that such an error led to an unconstitutional deprivation of life, liberty, or property, "[t]here is no constitutional right to an accurate police report." *Harmon v. St. Louis Cty.*, No. 4:08CV226SNLJ, 2009 WL 880024, at *3 (E.D. Mo. Mar. 30, 2009); *see also Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969) (agreeing with district court that a police report "being factually correct has not yet achieved the status of the federally constituted constitutional right"); *Ballard v. City of St. Louis*, No. 4:11 CV 1553, 2014 WL 1228890, at *6 (E.D. Mo. Mar. 25, 2014) (granting summary judgment in favor of city when plaintiff failed to show that inaccurate police report caused deprivation of constitutionally protected interest); *Haggins v. City of St. Paul*, No. CIV 09-537, 2010 WL 1380134, at *12 (D. Minn. Mar. 1, 2010), *report and recommendation adopted as modified*, No. CIV 09-537, 2010 WL 1379913 (D. Minn. Mar. 31, 2010) ("Plaintiff has no constitutional right to an accurate police report"). Accordingly, this claim will not go forward.

### *New Police Officer Defendants*

Plaintiff alleges that two additional City of Omaha police officers—Geoffrey A. Strong and Brock Gentile—took the same actions as the police officers discussed above. For the reasons stated above, Plaintiff's Fourth Amendment claims will be allowed to proceed against these Defendants in their individual capacities only.

---

[2] *See S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs*, 725 F.3d 843, 853 (8th Cir. 2013) (plaintiff had right to bring § 1983 conspiracy claim against officers when evidence showed officers deliberately falsified arrest records to protect police department's reputation following officers' unconstitutional, abusive misconduct).

### *Request to Dismiss State Criminal Case*

Plaintiff again requests that his state criminal case be dismissed for violation of his right to a speedy trial. (Filing 12 at CM/ECF p. 8.) As discussed in the court's previous Memorandum and Order, such relief is not available in this federal civil rights action. (Filing 11 at CM/ECF pp. 5-6.)

IT IS THEREFORE ORDERED that:

1. The Clerk of Court shall restore Defendant Lance Gordon as a Defendant and shall edit the names of the remaining Defendants to conform to the case caption appearing in this Memorandum and Order for the reason that the spelling of the Defendant officers' names in the case caption of this Memorandum and Order has been changed to reflect spelling in the record of arrest that is attached to Plaintiff's Amended Complaint (Filing 12 at CM/ECF p. 17).

2. Plaintiff's claim against Defendant Bryan Craig is dismissed without prejudice for failure to state a claim upon which relief can be granted.

3. Plaintiff's 42 U.S.C. § 1983 Fourth Amendment claims for unlawful arrest and unreasonable search and seizure of his property against Defendant City of Omaha Police Officers Grant Gentile, John Lopez, Nicolas Yanez, Geoffrey Strong, and Brock Gentile in their individual capacities, as well as Plaintiff's unlawful-arrest claim against Defendant Lance Gordon in his individual capacity, may proceed to service of process.[3] The Clerk of Court is directed to obtain the last-known addresses for Defendant City of Omaha Police Officers Grant Gentile, John Lopez, Nicolas Yanez, Geoffrey Strong,

---

[3] Although the court finds that some of Plaintiff's claims may proceed against some of the Defendants, the court cautions him that this is only a preliminary determination based on the allegations of the Complaint and Amended Complaint and is not a determination of the merits of his claim or potential defenses thereto.

and Brock Gentile, as well as Lance Gordon, from the Marshals Service for service of process on them in their individual capacities.[4]

4.   Upon obtaining the necessary addresses, the Clerk of Court is directed to complete and issue summonses for Defendants Grant Gentile, John Lopez, Nicolas Yanez, Geoffrey Strong, Brock Gentile, and Lance Gordon in their individual capacities at the addresses provided by the Marshals Service. The Clerk of Court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (Filing 1), the Amended Complaint (Filing 12), a copy of the court's previous Memorandum and Order on initial review (Filing 11), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants Grant Gentile, John Lopez, Nicolas Yanez, Geoffrey Strong, Brock Gentile, and Lance Gordon in their individual capacities. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. §§ 25-508.01 & 25-510.02 (Westlaw 2020).[5]

5.   The Clerk of Court is directed to file under seal any document containing personal addresses of the Defendants being served in their individual capacities.

---

[4] Plaintiff's Amended Complaint lists Lance Gordon's address as 2199 Parker Circle, Omaha, NE 68110. (Filing 12 at CM/ECF p. 4.)

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc*., 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g*., *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

7

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

8. The Clerk of Court is directed to set the following pro se case management deadline: October 2, 2020: check for completion of service of process.

DATED this 3rd day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge