IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN B. HARRIS,<br><br>          Plaintiff,<br><br>vs.<br><br>GRANT L. GENTILE, Police Officer #2140; JOHN H. LOPEZ, Police Officer #1955; NICOLAS YANEZ, Police Officer #1506; LANCE GORDON; GEOFFREY A. STRONG, Police Officer Y631; and BROCK GENTILE, Police Officer #2391;<br><br>          Defendants. | **8:20CV17**<br><br>**MEMORANDUM AND ORDER** |

      The docket sheet in this case indicates that the U.S. Marshal successfully served summonses on all of the Defendants except Defendant Lance Gordon. (Filings 16-21.) It appears that the address entered by the Clerk of Court on the summons for Lance Gordon (Filing 14 at CM/ECF p. 1) differs from the address for Defendant Gordon on the USM-285 Form, which "does not exist as an address," according to the U.S. Marshal. (Filing 21 at CM/ECF pp. 1-3.) In other words, the address for Defendant Lance Gordon on the USM-285 is incorrect, and the U.S. Marshal was therefore unable to serve process on Gordon. Therefore, I shall order the Clerk of Court to again complete the summons and USM-285 Forms—using the correct address on both forms—to allow the U.S. Marshal to re-serve Defendant Gordon.

      IT IS ORDERED:

      1.    The Clerk of Court is directed to complete and issue a summons for Defendant Lance Gordon in his individual capacity at the address appearing on the

first summons prepared by the Clerk for Lance Gordon (Filing 14 at CM/ECF p. 1). The Clerk of Court is further directed to deliver the summons, the necessary USM-285 Form (containing the *same address* as that appearing on the summons), the Complaint (Filing 1), the Amended Complaint (Filing 12), a copy of the court's previous Memoranda and Orders on initial review (Filings 11 & 13), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Lance Gordon in his individual capacity. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. §§ 25-508.01 & 25-510.02 (Westlaw 2020).[1]

2. The Clerk of Court is directed to file under seal any document containing the personal address of the Defendant being served in his individual capacity.

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted,

---

[1]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. The Clerk of Court is directed to set the following pro se case management deadline: October 27, 2020: completion of service of process on Defendant Gordon due.

Dated this 29th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3