IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN B. HARRIS,<br><br>   Plaintiff,<br><br> vs.<br><br>GRANT L. GENTILE, Police Officer #2140; JOHN H. LOPEZ, Police Officer #1955; NICOLAS YANEZ, Police Officer #1506; LANCE GORDON, GEOFFREY A. STRONG, Police Officer Y631; and BROCK GENTILE, Police Officer #2391;<br><br>   Defendants. | **8:20CV17**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court upon Plaintiff's Motion to Show Cause (Filings 27 & 28), in which Plaintiff requests entry of default judgment against Defendant Lance Gordon for his failure to respond to Plaintiff's Complaints, which were served upon Gordon on July 16, 2020. (Filing 26.) The Federal Rules of Civil Procedure require that a defendant serve an answer to a complaint "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a). Although served, Defendant Gordon has not filed an answer or any other responsive pleading, nor has he filed a motion for extension of time within which to do so.

  Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although not labeled as such, Plaintiff's Motion to Show Cause in substance requests a clerk's entry of default. Accordingly, I shall order the Clerk of Court to enter a default against Defendant Gordon.

Once the Clerk of Court has done so, Plaintiff must properly apply to the court for a default judgment pursuant to the requirements set forth in Federal Rule of Civil Procedure 55(b)(2)[1] and Nebraska Civil Rule 55.1(c).[2] Because Plaintiff is in a

---

[1] Fed. R. Civ. P. 55(b)(2) states:

In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

[2] Nebraska Civil Rule 55.1(c) provides:

If a party requests a judgment from the court under Federal Rule of Civil Procedure 55(b)(2), the party must, after obtaining a clerk's entry of default under Federal Rule of Civil Procedure 55(a) and Nebraska Civil Rule 55.1(a):

(1) file a motion for default judgment;

(2) file an affidavit stating that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Federal Rule of Civil Procedure Rule 55(b)(2) or (b) meets the exceptions stated in Federal Rule 55(b)(2);

correctional institution, he may mail (instead of e-mail) to the judge's chambers a proposed judgment to meet the requirements of Nebraska Civil Rule 55.1(c)(3).

IT IS ORDERED:

1. Plaintiff's Motion to Show Cause (Filing 27), construed as a Motion for Entry of Default, is granted.

2. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court shall enter a default against Defendant Lance Gordon for failure to plead or otherwise defend within 21 days after being served with the summons and Complaints, as required by Fed. R. Civ. P. 12(a).

3. The Clerk of Court shall send a copy of this Memorandum and Order to Defendant Lance Gordon at the address contained in the Process Receipt and Return in Sealed Filing 26. Defendant Gordon should note that should he desire to file a Motion to Set Aside a Default under Fed. R. Civ. P. 55(c) after the Clerk of Court enters a default against him, he must show good cause for his failure to answer Plaintiff's Complaints. If Defendant Gordon fails to do so, he is subject to a default judgment against him for damages.

4. Plaintiff shall have until October 9, 2020, to file a motion for default judgment against Defendant Gordon. Such motion shall fully comply with Federal Rule of Civil Procedure 55 and Nebraska Civil Rule 55.1.

---

(3) e-mail to the judge's chambers a proposed judgment; and

(4) in cases in which damages must be proved, request an evidentiary hearing before the trial judge.

5.  The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: October 9, 2020: deadline for filing motion for default judgment against Defendant Gordon.

DATED this 9th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4