IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN B. HARRIS,

   Plaintiff,

vs.

GRANT L. GENTILE, Police Officer #2140; JOHN H. LOPEZ, Police Officer #1955; NICOLAS YANEZ, Police Officer #1506; GEOFFREY A. STRONG, Police Officer Y631; BROCK GENTILE, Police Officer #2391; and LANCE GORDON,

   Defendants.

8:20CV17

MEMORANDUM AND ORDER

  This matter is before the court on Plaintiff's Motions for Default Judgment against Defendant Lance Gordon. (Filings 32 & 35.) The Clerk of Court entered a default against Gordon on September 9, 2020, (Filing 30) and Plaintiff then filed two Motions for Default Judgment. On November 4, 2020, the court ordered Gordon to respond to the Plaintiff's Motions on or before December 4, 2020, in the absence of which the Plaintiff's Motions would be taken up on the materials contained in the court file without a hearing. (Filing 37.) Defendant Gordon has failed to respond to the court's Order.

  This case involves Plaintiff's 42 U.S.C. § 1983 Fourth Amendment claims for unlawful arrest and unreasonable search and seizure of his property against City of Omaha police officers in their individual capacities and Gordon, who allegedly acted jointly with the police to have Plaintiff unlawfully arrested. (Filing 13.) In *Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872), "the Supreme Court held that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided." *McMillian/McMillian, Inc. v. Monticello*

*Ins. Co.,* 116 F.3d 319, 321 (8th Cir. 1997).[1] "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow*, 82 U.S. at 554). "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Id*.

> When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (citing *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)).

Here, we have multiple defendants who may be jointly liable for damages arising out of their cooperative actions in unlawfully arresting Plaintiff, but only one of those defendants has defaulted. Under such circumstances, this court should "stay its determination of damages against the defaulters until plaintiff's claim against the

---

[1] Specifically, the *Frow* court held:

> If one of several defendants to a bill making a joint charge of conspiracy and fraud, make default, his default and a formal decree *pro confesso* may be entered, but no final decree on the merits until the case is disposed of with regard to the other defendants. The defaulting defendant is simply out of court and can take no farther part in the cause. . . . If the bill in such case be dismissed on the merits, it will be dismissed as to the defendant in default, as well as the others.

*Frow*, 82 U.S. at 554 (1872).

nondefaulters is resolved" in order "to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants." *Pfanenstiel*, 978 F.2d at 433; *Creative Retail Packaging, Inc. v. Freedom Foods*, No. 8:16-CV-411, 2017 WL 7411003, at *1 (D. Neb. May 9, 2017) (granting default judgment as to liability only as to one defendant, but delaying determination of damages pending disposition of plaintiff's claims against other defendant because claims as to latter defendant were "substantially derived from its claims against" the defaulted defendant and the damages sought against both defendants were the same); 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed. Westlaw 2020) ("As a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); s*ee also* 10A Fed. Prac. & Proc. Civ. § 2685 (4th ed. Westlaw 2020) ("the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default").

IT IS THEREFORE ORDERED:

1. Plaintiff's Motions for Default Judgment against Defendant Lance Gordon (Filings 32 & 35) are held in abeyance until this matter has been adjudicated as to all Defendants;

2. A Progression Order will be issued in this case in due course.

DATED this 21st day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3